UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CBS BROADCASTING INC.

                    Plaintiff,

      v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,

                    Defendants.
-------------------------------------------------------------x

Case No. 24-9070

**COMPLAINT**

Plaintiff CBS BROADCASTING INC., by and through its undersigned counsel, alleges as follows:

1. This is an action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for the production of agency records from Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives in response to a FOIA request made by CBS Broadcasting Inc. for certain records relating to the transfer of machineguns.

**PARTIES**

2. Plaintiff CBS Broadcasting Inc. ("CBS News"), acting here on behalf of its non-juridical news division CBS News, is a corporation organized under the laws of New York with its principal place of business in New York, New York.

3. Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("Defendant" or "ATF") is a federal agency subject to FOIA.

**JURISDICTION AND VENUE**

4. This case is brought under FOIA and presents a federal question conferring jurisdiction on this Court under 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B) as CBS News has its principal place of business in this District.

6. Pursuant to 5 U.S.C. § 552(a)(6), CBS News has exhausted all administrative remedies.

## BACKGROUND

**Machinegun Transfer Laws and Regulations**

7. Machineguns manufactured or imported on or after May 19, 1986, are subject to the provisions of 18 U.S.C. § 922(o).

8. Section 922(o) generally prohibits the possession or transfer of machineguns manufactured on or after May 19, 1986.

9. Section 922(o) excepts from this prohibition a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof ("Government Transferees").

10. Such transfers, however, remain subject to the approval of ATF.

11. To obtain approval, the transfer of a "post-1986" machinegun requires certain documentation.

12. 27 C.F.R. § 479.105(d) governs approvals of transfers of machine guns manufactured or imported on or after May 19, 1986 to Government Transferees.

13. Pursuant to 27 C.F.R. § 479.105(d), applications to transfer such "post-1986" machineguns will be approved if (1) it is established by specific information the expected governmental customers who would require a demonstration of the firearm, and (2) it is established by information as to the availability of the machinegun to fill subsequent orders.

14. An application to transfer a "post-1986" machinegun must also be submitted with a National Firearms Act[1] ("NFA") law letter ("NFA Law Letter") evidencing a Government Transferee's interest in a particular "post-1986" machinegun.

15. ATF looks for the following information in a NFA Law Letter:

    a. It is written on agency letterhead and signed by the agency head or by someone with delegated authority to sign for the agency head;

    b. It is dated within one year of the date of the receipt of the application;

    c. It identifies the particular machinegun being transferred;

    d. It identifies the agency's interest in the machinegun; and

    e. It documents the need for more than one machine gun if requesting transfer of multiples.

16. In addition to the NFA Law Letters, when making transfers to Government Transferees, transferors must file ATF Form 5, Application for Tax Exempt Transfer and Registration of a Firearm ("Form 5").

17. The Form 5 must be approved by ATF before the transfer may be made.

18. If approved, the transferor has no liability for the transfer tax related to the "post-1986" machinegun.

19. ATF tracks these transfers "post-1986" machineguns in the National Firearms Registrations and Transfer Record database.

**Request 2024-01397**

20. On June 6, 2024, CBS News requested of ATF two categories of documents:

    a. "[A]ll Law Letters received by ATF" pursuant to 27 C.F.R. § 479.105(d); and

---

[1] Codified at 26 U.S.C. § 5801 *et seq.*

      b. "Each application case," including "document of ATF's response (i.e. approval or rejection")" (the "1397 Request").

21. A true and accurate copy of the 1397 Request is annexed hereto as **Exhibit A**.

22. On June 20, 2024, ATF denied the Request, which it assigned Request No. 2024-01397, in its entirety on the basis of "Exemption 3 of the FOIA and 26 U.S.C. section 6103 of the Internal Revenue Code" (the "1397 Denial").

23. A true and accurate copy of the 1397 Denial is annexed hereto as **Exhibit B**.

24. On information and belief, ATF did not search for records responsive to the 1397 Request.

25. On July 3, 2024, CBS News appealed the 1397 Denial to the U.S. Department of Justice, Office of Information Policy ("OIP") on the basis that "the records sought does not fall within the scope of the Exemption 3" (the "1397 Appeal").

26. A true and accurate copy of the 1397 Appeal is annexed hereto as **Exhibit C**.

27. On July 3, 2024, OIP acknowledged receipt of the 1397 Appeal and assigned the appeal number A-2024-02020 (the "1397 Appeal Acknowledgment").

28. A true and accurate copy of the 1397 Appeal Acknowledgement is annexed hereto as **Exhibit D**.

29. On September 24, 2024, OIP affirmed the 1397 Denial on the basis that the records were properly withheld under Exemption 3 and, specifically, "exempted from release" by 26 U.S.C. § 6103 (the "1397 Appellate Decision").

30. A true and accurate copy of the 1397 Appellate Decision is annexed hereto as **Exhibit E**.

**Request 2025-50028**

31. On October 7, 2024, CBS News requested of ATF "[a]ny and all records pertaining to National Firearms Act Class 3 / Title II firearms housed in the National Firearms Registrations and Transfer Record between January 1, 2013 and October 7, 2024" (the "50028 Request").

32. A true and accurate copy of the 50028 Request is annexed hereto as **Exhibit F**.

33. On October 24, 2024, ATF acknowledged receipt of the 50028 Request (the "50028 Acknowledgment").

34. A true and accurate copy of the 50028 Acknowledgment is annexed hereto as **Exhibit G**.

35. To date, ATF has not made a determination as to whether it will comply with the 50028 Request nor produced any agency records responsive to that request.

**Request 2025-50030**

36. On October 7, 2024, CBS News requested of ATF "[s]tatistics totalling the number of machine gun transfers approved by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) between January 1, 2013 and October 7, 2024, for any and all National Firearms Act Class 3 / Title II firearms housed in the National Firearms Registrations and Transfer Record" (the "50030 Request").

37. A true and accurate copy of the 50030 Request is annexed hereto as **Exhibit H**.

38. On October 29, 2024, ATF acknowledged the 50030 Request (the "50030 Acknowledgment").

39. A true and accurate copy of the 50030 Acknowledgment is annexed hereto as **Exhibit I**.

40. To date, ATF has not made a determination as to whether it will comply with the 50030 Request nor produced any agency records responsive to that request.

## CAUSES OF ACTION

### Count I
### (Request 1397 – Violation of 5 U.S.C. § 552)

41. CBS News realleges the allegations in the foregoing paragraphs as if fully set forth herein.

42. Defendant is an agency subject to FOIA, that in response to a FOIA request must release responsive records or provide a lawful reason for withholding any such records.

43. At least one or more of the records responsive to the 1397 Request are not exempt from disclosure under FOIA.

44. Accordingly, CBS News is entitled to an order compelling ATF to produce the records responsive to the 1397 Request.

### Count II
### (Request 50028 – Violation of 5 U.S.C. § 552)

45. CBS News realleges the allegations in the foregoing paragraphs as if fully set forth herein.

46. Defendant is an agency subject to FOIA, that in response to a FOIA request must release responsive records or provide a lawful reason for withholding any such records.

47. At least one or more of the records responsive to the 50028 Request are not exempt from disclosure under FOIA.

48. Defendant failed to meet the statutory deadlines governing its response to the 50028 Request.

49. As a result, ATF has constructively denied the 50028 Request, and CBS News is deemed to have exhausted its administrative remedies as to such request.

50.     Accordingly, CBS News is entitled to an order compelling ATF to produce the records responsive to the 50028 Request.

**Count III**
**(Request 50030 – Violation of 5 U.S.C. § 552)**

51.     CBS News realleges the allegations in the foregoing paragraphs as if fully set forth herein.

52.     Defendant is an agency subject to FOIA, that in response to a FOIA request must release responsive records or provide a lawful reason for withholding any such records.

53.     At least one or more of the records responsive to the 50030 Request are not exempt from disclosure under FOIA.

54.     Defendant failed to meet the statutory deadlines governing its response to the 50030 Request.

55.     As a result, ATF has constructively denied the 50030 Request, and CBS News is deemed to have exhausted its administrative remedies as to such request.

56.     Accordingly, CBS News is entitled to an order compelling ATF to produce the records responsive to the 50030 Request.

**REQUEST FOR RELIEF**

WHEREFORE, CBS News asks the Court to:

   i.   Declare that the records sought by CBS News are subject to disclosure under 5 U.S.C. § 552;

   ii.  Order ATF to undertake an adequate search for the requested records and produce the records to CBS News within 20 business days of the Court's order;

   iii. Award CBS News's attorney fees and costs; and

   iv.  Grant CBS News other further relief the Court deems appropriate.

DATED: November 26, 2024                    Respectfully Submitted,

By:   /s/ Matthew L. Schafer

Matthew L. Schafer  
Paramount Global  
1515 Broadway  
New York, NY 10036  
Phone: 212.846.3252  
E-mail: Matthew.Schafer@Paramount.com

*Counsel for Plaintiff CBS Broadcasting Inc.*